**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JEANETTE ALLEYNE and THE**
**JUDGE ROTENBERG EDUCATIONAL**
**CENTER, INC.,**                                                    **1:06-CV-0994**
                                                                                  **(GLS)**
             **Plaintiffs,**

             **v.**

**NEW YORK DEPARTMENT of**
**EDUCATION, RICHARD P. MILLS and**
**NEW YORK STATE BOARD of REGENTS,**

             **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**FOR PLAINTIFFS:**

**For Individual Plaintiffs:**
O'CONNELL, ARONOWITZ LAW                        JEFFREY J. SHERRIN, ESQ.
FIRM
54 State Street, 9th Floor
Albany, New York 12207-2501

**For The Judge Rotenberg**
**Educational Center, Inc.:**
ECKERT, SEAMANS LAW FIRM                        MICHAEL P. FLAMMIA, ESQ.
One International Plaza, 18th Floor
Boston, Massachusetts 02110

**FOR THE DEFENDANTS:**

HON. ANDREW CUOMO                                  KELLY L. MUNKWITZ
New York State Attorney General                 Assistant Attorney General
The Capitol

Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

The plaintiffs in this suit fall into two distinct categorizes: the Judge Rotenberg Center, residential school in Canton, Massachusetts (JRC), and its students including parents/next friends of the students (the Students). JRC and the students challenge defendants' recent amendments to the New York Education Law which regulate the use of aversives on New York State students.  *See Dkt. No. 73.*  Pending is JRC and the Students' motion to amend the complaint adding an eighth cause of action, and defendants' cross-motion to dismiss[1] the first, sixth, seventh and eighth causes of action and stay the preliminary injunction, *see Dkt. Nos. 73, 77, 93, 108, 109, 110*.

The court held a hearing on May 23, 2007.  At that hearing, the parties presented oral arguments, and the court delivered a partial oral ruling.  *See Dkt. No. 103.*  The court's oral ruling effectively denied the

---

[1]Defendants' moved to the dismiss the first cause of action by supplemental papers submitted to the court after the May 23 return.

2

Students' motion to amend insofar as it sought to add a claim on behalf of JRC under the Individuals with Disabilities Education Act (IDEA)[2], dismissed causes of action six and seven, denied defendants' motion to stay, and granted JRC's application to file a motion to amend. *See id.* The court reserved decision on the students' proposed IDEA claim (eighth cause of action) and granted the parties additional time to brief the newly raised issue of whether the court had subject matter jurisdiction (first cause of action). *See id.*

On June 6, JRC moved to amend the complaint to add two additional claims based on alleged Equal Protection violations. *See Dkt. No. 106*. Defendants oppose JRC's proposed amendment. *See Dkt. Nos. 112, 113*. Now all parties have submitted further briefing on the court's subject matter jurisdiction over the students' IDEA claims. *See Dkt. Nos. 108, 109, 110.*

As such, the current status of this litigation is as follows. Still pending is the Students' motion to amend insofar as it seeks to add an additional claim under the IDEA (eighth cause of action), *see Dkt. No. 73*, defendants' cross motion to dismiss the first and eighth causes of action and JRC's motion to amend, *see Dkt. No. 106*.

---

[2]*See* 20 U.S.C. § 1400(d)(1)(A), *et. seq*.

3

For the reasons that follow, defendants' cross motion to dismiss is denied, the Students' motion to amend is granted; and JRC's motion to amend is denied.

## II. Facts

The Students[3] suffer from severe behavioral disorders that, prior to their treatment at JRC, caused them to inflict severe physical harm on themselves and others. *See Proposed Am. Compl. ¶1; Dkt. No. 73.* Each of the students withstood years of unsuccessful treatment including special education, counseling, psychiatric hospitalizations, and the prescription of heavy dosages of anti-psychotic medications. *See id.* at ¶2.

JRC provides special education and behavior treatment to children and adults with severe behavior disorders. *See id.* at ¶65. After extensive and unsuccessful attempts at obtaining alternative treatments, each student was admitted to JRC,[4] where he or she enjoyed substantial improvement in education and overall quality of life. *See Proposed Am. Compl. ¶3; Dkt. No. 73.* Initially, JRC tries to help an admitted student

---

[3]There are numerous student-plaintiffs. *See Proposed Am. Compl ¶1; Dkt. No. 73.* Each student is identified by his or her initials, and each student is represented by parents, next-of-kin, or guardians. *See id.*

[4]JRC is often a placement of last resort for children and adults who are resistant to all other forms of psychological and psychiatric treatment. *See id.* at ¶65.

achieve his or her educational and treatment goals with rewards and non-intrusive negative consequences. *See id.* at *¶70.* Only when these techniques are ineffective, JRC utilizes "aversive" behavior modification techniques[5] based on peer-reviewed and accepted methods of behavioral psychology. *See id.* Each of the student-plaintiffs has received aversive treatment and experienced positive results therefrom. *See id.* at *¶¶70, 139-224.* Defendants implemented Emergency Regulations which effectively eliminated the use of aversives[6] without providing the students' guardians and family notice and an opportunity to be heard. *See id.*

### III. Discussion

### A.   Standard of Review - Motion to Amend under FRCP 15(a)

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party[.]" FED. R. CIV. P. 15(a). Leave to amend should be "freely given when justice so requires." *Id.; Ellis v. Chao*, 336 F.3d 114, 127 (2d

---

[5]Aversives are carefully designed negative consequences (such as skin shock, contingent food programs, the use of helmets, mechanical movement limitations, and manual restraints) that are safe and effective and are only used as a method of last resort. *See Proposed Am. Compl. ¶70; Dkt. No. 73.*

[6]Plaintiffs claim that the use of aversives has been approved by a Massachusetts court for each student on an individual basis. *See id.* at *¶71.* The State Education Department regulations at issue are: 8 N.Y.C.R.R. §§ 200.7(a)(3)(iv) and 200.22(b), (e), and (f).

Cir. 2003). "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis*, 336 F.3d at 127.

### 1. The Students

As an initial matter, defendants argue that the court lacks subject matter jurisdiction over the Students' current[7] and proposed IDEA[8] claims for two reasons. First, they claim that there is no federal right to aversives. Second, they claim that a State court is the only appropriate venue for determining what constitutes a Free Appropriate Public Education (FAPE) under the IDEA. *See Dkt. No. 108.*

Defendants rely on the Second Circuit's recent decision in *Bay Shore Union Free School District v. Kain*. *See Bay Shore*, 485 F.3d 730 (2d Cir. 2007). In *Bay Shore*, the Circuit considered whether a school district was obligated to provide the child a teacher's aid at his private school. *See id.* at 1. Notably, the parties conceded that a student's right to a teacher's aide in a parentally-placed private school existed only under State law. *See id.* at 3. As such, the issue presented to the court was limited solely to

---

[7]First cause of action.

[8]Proposed Eighth cause of action.

6

matters governed by State law.  The Circuit's narrow holding in *Bay Shore* explained "that a federal court may not exercise jurisdiction over a civil action brought under § 1415(i)(2)(A) if the claims asserted turn *exclusively* on matters of state law and diversity of citizenship is absent." *Id.* at 6 (emphasis added).

The court disagrees with defendants' broad reading of the *Bay Shore* decision.  The IDEA establishes the "basic floor of opportunity" for disabled children.  *See Watson v. Kingston City Sch. Dist.*, 325 F. Supp. 2d 141, 144 (N.D.N.Y. 2004), *aff'd*, 142 Fed. Appx. 9 (2d Cir. 2005); *see also Bd. of Educ. v. Rowley*, 458 U.S. 176, 193 (1982).  Here, the individual plaintiffs invoke federal rights, the right to a FAPE, as it is provided for and governed by the regulations of the IDEA.  *See David D. v. Dartmouth Sch. Comm.*, 775 F.2d 411, 418 (1st Cir. 1985) ("Because the statutory definition of a [FAPE]...explicitly provides that a covered child's education will "meet the standards of the State educational agency, a complaint may be brought and pursued up the reviewing ladder to a state *or federal court* per [the IDEA] on the issue of substantive conformity of a child's educational plan with a State's educational standards.") (internal quotation marks and citation omitted) (emphasis added); *Winkelman v. Parma City Sch. Dist.*,

7

127 S. Ct. 1994, 2002-03 (2007). The court is unpersuaded by defendants' overly-broad interpretation of the *Bay Shore* decision. Accordingly, defendants' cross-motion to dismiss the first and eighth causes of action is denied and the Students' motion to amend is granted.

### 2.   JRC

JRC seeks to amend the complaint to add two Equal Protection claims, one against the State and another against Commissioner Mills in his personal capacity. For the following reasons, JRC's proposed claims are legally insufficient.

First, JRC fails to allege facts sufficient to demonstrate a viable Equal Protection claim. The Second Circuit has explained that

> [t]o prevail on a selective treatment claim, a plaintiff must show that (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). This type of claim is premised on the plaintiff's allegation of membership in a protected class. *See id.* However, "where, as here, the plaintiff does not allege membership in such

8

a class, he or she can still prevail in what is known as a 'class of one' equal protection claim." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005). JRC's proposed amendment seeks to assert an Equal Protection claim based on a "class-of-one" theory. As such, JRC must demonstrate:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Id*. at 105.

JRC identifies the class of similarly-situated individuals as all New York State Education Department-approved schools or facilities which provide education, treatment, and care to children. *See Proposed Am. Compl. ¶266; Dkt. No. 106*. The alleged differential treatment is two-fold, namely, that involving the regulations and that relating to the review of JRC and its policies. *See id.* Neither category states a legally sufficient Equal Protection claim. First, the allegation of disparate treatment related to the regulations is without merit because the regulations apply to all schools in JRC's defined class. "Without an allegation that other [class members] similarly situated were treated differently, the 'equal' portion of the Equal

9

Protection clause becomes meaningless." *Economic Opportunity Comm'n of Nassau County, Inc. v. County of Nassau*, 106 F. Supp. 2d 433, 441 (E.D.N.Y. 2000).  Second, the allegations relating to the review of JRC fails to state how other similarly-situated schools were subjected to a different review process.  Instead, JRC's proposed claim expresses dissatisfaction with an administrative process, not a viable "class of one" Equal Protection claim.

Moreover, JRC's proposed Equal Protection claim against defendant Mills in his personal capacity fails to allege facts sufficient to demonstrate that Mills had any personal involvement in JRC's alleged disparate treatment.  It is well-settled in this Circuit that "[p]ersonal involvement of a defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under section 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citation omitted).  In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show some tangible connection between the constitutional violation alleged and that particular defendant.  *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  The proposed amended complaint is devoid of allegations of wrongdoing by Commissioner Mills.  Accordingly, because

the proposed claim against Mills fails to allege how he is personally involved, it is insufficient as a matter of law.

Finally, to the extent JRC's proposed claims seek monetary damages under 42 U.S.C. § 1983, such claims cannot be maintained. "Neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983." *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2004) (internal quotation marks and citation omitted). "Therefore, state officials cannot be sued in their official capacities for retrospective relief under section 1983." *Id*. Here, because JRC seeks to add a claim seeking retrospective relief against State defendants, such claim is insufficient as a matter of law. Accordingly, JRC's motion to amend is denied.

## IV. Conclusion

Upon careful consideration of the parties' submissions, their oral arguments, and the relevant law, the court concludes that JRC's proposed amendments would be futile, the Students' motion to amend is granted and the cross motion to dismiss is denied as to the dismissal of the first and proposed eighth cause of action. Finally, the defendants' cross motion to dismiss is granted as to the dismissal of the sixth and seventh causes of action.

11

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' cross motion to dismiss (Dkt. 77, 108, 109) is **DENIED** as to the dismissal of the First and proposed Eighth cause of action; and it is further

**ORDERED** that the Students' motion to amend (*Dkt. No. 73*) is **GRANTED** insofar as it seeks to add an additional IDEA claim (Eighth cause of action); and it is further

**ORDERED** that JRC's motion to amend (*Dkt. No. 106*) is **DENIED** as futile; and it is further

**ORDERED** that the Students are to file the amended complaint, and defendants are to respond accordingly as provided in the Federal Rules; and it further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 23, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge