# MOTION HEARING MINUTES

*CASE NAME:*

| Jeanette Alleyne, et al. | VS | New York State Education Department, et al. |
|---|---|---|

*CAUSE***:** 20:1400 Civil rights of Handicapped Child    *DATE:*  July 21, 2009

*PROCEEDING:*       **Motion Hearing**

*LAW CLERKS***:**  _____       *CASE NUMBER:*  **1:06-cv-994  (GLS**)

*TRIAL DATE:*   **/**/**         *STENO***:**     Theresa Casal

Note:       None

| PRINT NAME | FIRM NAME | PARTY: |
|---|---|---|
| Michael Flammia, Esq. Charlotte Bednar, Esq. | Eckert, Seamans Law Firm | Plaintiffs |
| Meredith H. Savitt, Esq. | Office of Meredith H. Savitt | Plaintiffs |
| Jeffrey Sherrin, Esq., | O'Connell, Aronowitz Law Firm | Plaintiffs |
| Kelly Munkwitz, Esq. Karen Marcoux-Mankes, Esq. | New York State Attorney General's Office | Defendants |

BEGINNING TIME:    1:00 P.M.           END TIME: 2:15 P.M.

1:00 p.m.   Court states motion pending before the court. Court states the claims that remain. Court states court exhibit provided to counsel which is the summary standard review. Court states IDEA standard of review. Court states to go through issues before the court. Court turns to the issue of mootness. Discusses 13 plaintiffs no longer at JRC, the claims are dismissed as to those plaintiffs. Court lists the plaintiffs for counsel. Court turns to the states exhaustion claim. Court inquires of exhaustion is required and doesn't plaintiffs' claim prevention of FAPE which is exempt from exhaustion.

1:09 p.m.   Atty. Munkwitz states extent complaint to individual plaintiff claims then exhaustion is required.

| | |
|---|---|
| 1:12 p.m. | Court states the plaintiffs authorized to aversives are they required exhaustion.... |
| 1:12 p.m. | Atty. Munkwitz discusses with the court. States not exception for there is not an administrative record. |
| 1:14 p.m. | Court turns to plaintiff as to the exhaustion. |
| 1:15 p.m. | Atty. Flammia states it is the CSE to determine what the students need for FAPE. Discusses IHO's position. |
| 1:17 p.m. | Court to rule on exhaustion issue. Court declines to dismiss the IDEA and other claims for failure to exhaust but turns to the merit of those claims. Court turns to the IDEA claims. |
| 1:25 p.m. | Atty. Munkwitz states behavioral progress can be relevant to FAPE. Academic progress controls. |
| 1:29 p.m. | Court states if record demonstrates behavioral regression. Inverse of that is if progress, then behavioral regression can't be denial of FAPE. |
| 1:31 p.m. | Atty. Munkwitz states boils down to special education. |
| 1:32 p.m. | Court states difference in persons who can't see and persons stabbing another student with the pencil. Court states the defendants position for FAPE looks at academic progress. |
| 1:33 p.m. | Atty. Munkwitz states behavioral progress may be relevant to FAPE. |
| 1:34 p.m. | Court states two separate discrete issues. |
| 1:37 p.m. | Atty. Flammia states argument is reason why regulations are illegal. Looks at them at a group instead of individuals. Behavioral goals are in the IEP's and are very important. |
| 1:39 p.m. | Court states resolution on components of FAPE. Court does not adopt defendants contention that regulations do not deny FAPE. Court seeks FAPE as a joinder of those 2 issues. Court declines to rule on the ultimate question. Court turns to the Rehabilitation Act Claim. Court indicates if personal capacity claim as to Mills. |
| 1:46 p.m. | Atty. Flammia states the complaint does not. |
| 1:46 p.m. | Court states that is resolved if not the court would dismiss that claim. Court turns to the plaintiffs for the rehabilitation act claims. |
| 1:47 p.m. | Atty. Flammia states gross misconduct. |
| 1:50 p.m. | Atty. Munkwitz responds to the plaintiffs' arguments. |
| 1:51 p.m. | Court states understands competing arguments. The court states declines to rule. The court states it is clear and understands divergent opinions on the use of aversives. Court turns to the constitutional claims. Court states sovereign immunity bars constitutional claims in regards to their official capacity. |
| 1:53 p.m. | Atty. Flammia states acting on behalf of state. |
| 1:54 p.m. | Court states would bar suit against individuals. Court states on the substantive due process claims. |

| | |
|---|---|
| 1:56 p.m. | Atty. Flammia states if allowed most of these plaintiffs will be on drugs.  Prove in trial if lose rights of aversives will be on large doses of medications. |
| 1:57 p.m. | Court states not the essence of this law suit.  States beyond the scope of what sued for.  Court states if only claims survive if plaintiffs denied a FAPE, do you get a jury trial or any trial. |
| 2:00 p.m. | Atty. Flammia believes that evidence is overwhelming. |
| 2:01 p.m. | Court states what else would submit, is there depositions, expert reports, etc... |
| 2:01 p.m. | Atty. Flammia states could hear from the parents....more records from treatment centers....other reports...evidence of experts...evidence of what has been done to the plaintiffs. |
| 2:03 p.m. | Court states even if constitutional claims survived have waived a jury trial... |
| 2:03 p.m. | Atty. Flammia states have not demanded a jury trial. |
| 2:04 p.m. | Atty. Munkwitz states if plaintiffs have evidence that they were denied FAPE it should be before the court. |
| 2:04 p.m. | Court turns to defendants on progression of the case if the court denies the motion for summary judgment....if something remains then what comes next. |
| 2:05 p.m. | Atty. Munkwitz states would need to be additional discovery......limited to 10 plaintiffs...not had been able to depose the parents...5 of the 10 plaintiffs no longer at JRC.  Had no discovery on the other 35. |
| 2:07 p.m. | Court turns to parties to share on the motion on issues not shared or raised.  The court will issue a decision on the motion and will incorporate rulings in order.  The court inquires who has authority to define the scope of FAPE. |
| 2:09 p.m. | Atty. Flammia states not completely up to state to decide FAPE. |
| 2:10 p.m. | Court states spoke to broadly.  Not intend to suggest that Congress had no role.  Court clarifies that issue for the parties. |